## GORDON, SEWALL & CO., Inc., v. PACIFIC–CARIBBEAN–GULF LINE et al.
### (No. 9091.)

Court of Civil Appeals of Texas.    Galveston.
Jan. 10, 1928.

Appeal and error ⚹⇒1071(1)—Failure to file findings and conclusions within ten days after adjournment held to require reversal, in absence of statement of facts (Rev. Civ. St. 1925, art. 2247).

Failure of court to file findings and conclusions within 10 days from date of adjournment of term of court in which the cause was tried *held* to require reversal of judgment and remanding of case, where no statement of facts was filed with record, under Rev. Civ. St. 1925, art. 2247, requiring that trial judge prepare and file findings and conclusions within such time.

Appeal from Harris County Court; Ray Scruggs, Judge.

Suit by Gordon, Sewall & Co., Inc., against the Pacific-Caribbean-Gulf Line and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Boyles, Brown & Scott and Gainer · B. Jones, all of Houston, for appellant.

Royston & Rayzor, of Houston, for appellees.

LANE, J.   This suit was brought by Gordon, Sewall & Co. against the Pacific-Caribbean-Gulf Line and Swayne & Hoyt, Inc., to recover $206.65, the value of 51 cases of evaporated milk, which it is alleged was lost out of a shipment which Swayne & Hoyt, Inc., doing business under the trade-name of Pacific-Caribbean-Gulf Line, received for transportation at Seattle, in the state of Washington, to be delivered at the port of Houston, in the state of Texas, for account of Gordon, Sewall & Co.   Defendants answered by general denial.

The cause was tried before the court without a jury, and upon the close of the evidence judgment was rendered, decreeing that the · plaintiff take nothing by its suit and that the defendants go hence and recover their costs, etc.   Upon the rendition of the judgment, to wit, on the 9th day of March, 1927, Gordon, Sewall & Co. requested the trial judge to file his findings of fact and conclusions of law.   On the 13th day of April, 1927, the court filed his findings and conclusions, as requested.   Gordon, Sewall & Co. have appealed from the judgment, and as cause for reversal insist that the findings of fact and conclusions of law were not filed in the trial court until more than 10 days after adjournment · of the term of the court in which the cause was tried.

It is shown by the caption of the transcript certified to by the clerk of the trial court that the term of the court in which the judgment was rendered adjourned on the 2d day of April, 1927.   It is shown by the file mark of the clerk on the findings of fact and conclusions of law, and also the recitals in the bill of exception taken to the failure of the court to file said findings and conclusions within the 10-day period, which was approved by the court, that such findings and conclusions were filed on the 13th day of April, 1927, the eleventh day after the court had adjourned. It thus being conclusively shown that such findings and conclusions were not filed within 10 days from the date of the adjournment of court, and it appearing that no statement of the facts proven has been filed with the record in this court, it becomes our duty to sustain appellant's prayer for a reversal of the judgment, and to remand the cause.   ·

By article 2247, Revised Civil Statutes of 1925, it is provided that, where a cause is tried by the court without a jury, the trial judge, upon request therefor, shall within 10 days from the date of adjournment of court prepare and file his findings of fact and conclusions of law, and our courts have uniformly held that, where such findings and conclusions are not filed within such time and there is no statement of facts with the record, the judgment should be reversed, when the failure of the court to so file such findings and conclusions are complained of by proper assignment.   The judgment is reversed, and the cause is remanded.

Reversed and remanded.